IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) Criminal Action No. 2:14-00135-KD-N |
| | ) |
| VAN TUBBS, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This action is before the Court on Defendant Van Tubbs' Petition for Relief under the First Step Act (doc. 815).[1] Upon consideration, and for the reasons set forth herein, the Petition is DISMISSED without prejudice.

I. Background

Tubbs was named as a defendant in an 18-defendant, 31-count Indictment charging drug-trafficking and money laundering offenses including three forfeiture allegations. Prior to his Indictment in this action, Tubbs had been convicted of several criminal offenses in Fort Wayne, Indiana and was serving a sentence for dealing cocaine. The criminal conduct underlying that offense was related to the offenses in this action.

Tubbs pled guilty to conspiracy to possess with intent to distribute crack cocaine, cocaine, marijuana, and hydrocodone acetaminophen, and money laundering conspiracy (Counts 1 and 27). In his plea agreement, Tubbs admitted supplying cocaine and marijuana in substantial quantities to the leader of the conspiracy and that his payment was transferred through nominees in the conspiracy (doc. 281). At sentencing, his total offense level was 34 and his criminal

---

[1] The Petition is captioned "Petition for Leave to file Petition and Memorandum in support of Petition for Relief under the First Step Act" (doc. 815). However, Tubbs does not need leave of Court to file a second Petition pursuant to the First Step Act. Therefore, the Petition for Leave to File is moot.

history category was VI. He was classified as a career offender. His advisory Sentencing Guidelines range was 262 to 327 months as to Count 1 and 240 months (the statutory maximum) as to Count 27. Tubbs was subject to a mandatory minimum of 120 months as to Count 1.

A variance sentence outside the advisory guidelines range was imposed. In September 2015, Tubbs was sentenced to serve 180 months as to each count, concurrent, and concurrent with his state court sentence. On motion of the United States, his appeal was dismissed on basis of the appeal waiver in his plea agreement (doc. 734).

More recently,[2] Tubbs filed a Petition for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) and the First Step Act, Sec. 603(B) (doc. 785). The United States conceded that Tubbs had set forth an extraordinary and compelling reason for compassionate release because his ability to provide selfcare against Covid 19 in the prison environment was substantially diminished due to his obesity (doc. 803, p. 9). However, after consideration of the relevant factors in 18 U.S.C. § 3553(a), the Court denied the Petition. (Id., p 9-10).

Tubbs is now 55 years old. He is incarcerated at FCI Fort Dix at Joint Base MDL, New Jersey. His estimated release date is February 24, 2028. At present, the Bureau of Prisons reports that at FCI Fort Dix, two staff members have tested positive for Covid 19, but no inmates. During the pandemic, two inmates have died from the virus and 1,797 inmates and 91 staff members have recovered. https://www.bop.gov/coronavirus/ (last visited May 12, 2021).

II. <u>Statutory Prerequisites</u>

In relevant part, the compassionate release provision of 18 U.S.C. § 3582(c)(1), as amended by the First Step Act of 2018, provides that "the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau

---

[2] Tubbs filed a motion to vacate pursuant to 28 U.S.C. § 2255 (doc. 748). The motion was denied on May 6, 2019 (docs. 773, 774).

of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . " 18 U.S.C. § 3582(c)(1)(A). First Step Act of 2018, Pub. L. 115-391, § 603(b), 132 Stat. 5194, 5239.

Tubbs states that he has "exhausted his administrative remedies" (doc. 815, p. 2). However, he did not provide the Court with any evidence to support this statement. Tubbs' conclusory statement without any evidentiary support is not sufficient to establish that he has met the statutory prerequisites for consideration of his motion. Therefore, his motion is dismissed without prejudice.

III. Compassionate release

Even if Tubbs had met the statutory prerequisites, his motion would be denied. In relevant part, the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) provides that "the court . . . upon motion of the defendant. . . may reduce the term of imprisonment" after considering the [applicable] factors set forth in 18 U.S.C. § 3553(a)", and that the Court may do so upon finding "extraordinary and compelling reasons warrant such a reduction" 18 U.S.C. § 3582(c)(1)(A). Additionally, the statute provides that the reduction must be "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i); First Step Act of 2018, Pub. L. 115-391, § 603(b), 132 Stat. 5194, 5239.

Tubbs again argues that his obesity as well as hypertension, diabetes, liver disease and sleep apnea, place him at risk for severe illness should he contract Covid 19 (doc. 815, p. 3). Previously, the United States conceded that based on guidelines from the Centers for Disease Control and Prevention, during the Covid 19 pandemic, Tubbs' BMI[3] presents "'a serious

---

[3] Tubbs is 5'9" tall and weighs 238 pounds which yields a Body Mass Index of 35.1 (doc. 792, p. 2). https://www.nhlbi.nih.gov/health/educational/lose_wt/BMI/bmicalc.htm.

physical or medical condition . . . that substantially diminishes'" his ability to provide self-care and from which he is not expected to recover (doc. 205, citing Application Note 1(A)(ii)(I) of the Policy Statement and *Centers for Disease Control, At Risk for Severe Illness,* available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last revised July 17, 2020)) (doc. 799; doc. 792, p. 8 (sealed)).  Thus, arguably, Tubbs could show an extraordinary and compelling reason for early release.

However, the Court may grant a reduction of sentence for early release only "after considering the [applicable] factors set forth in 18 U.S.C. § 3553(a)." 18 U.S.C. § 3582(c)(1)(A). In that regard, the Court previously considered the "nature and circumstances" of Tubbs' offenses and his "history and characteristics" and found as follows:

> The Court has considered Tubbs' allegations regarding the programs he has taken, his conduct while incarcerated, and consistent work history (doc. 785, p. 12). The Court has also considered the "nature and circumstances" of Tubbs' offenses and finds that this factor does not weigh in favor of a sentence reduced to time served. 18 U.S.C. § 3553(a)(1).  Tubbs was involved a major multi-drug conspiracy that brought a large quantity of drugs over a period of approximately four years into Marion, Alabama and Selma, Alabama.  Although he was not a leader or organizer of the conspiracy, Tubbs was a major participant.
>
> Also, Tubbs' "history and characteristics" do not weigh in favor of a sentence reduced to time served. Id.  Tubbs had at least two prior felony convictions for controlled substance offenses and was considered a career offender for purposes of calculating his advisory sentencing guidelines.  Tubbs' criminal history shows that between 1993 and his arrest in this action in 2014, he had been convicted of two counts of providing false information to law enforcement, battery and operating a vehicle without insurance, resisting law enforcement, criminal conversion, attempted fraud, forgery, never receiving an Indiana driver's license, resisting law enforcement, use of a communication facility in violation of 21 U.S.C. § 841(a)(1), battery including one instance of domestic violence, two charges of operating a vehicle with a suspended license, possession of marijuana, and three charges of dealing in cocaine (doc. 658).

   Despite his sentences of five years for dealing in cocaine (released April 2001) and four years for use of a communication facility in facilitation of distribution of controlled substances (released December 2004), Tubbs again dealt in drugs. At the time of his arrest in 2014, Tubbs was serving a ten-year state sentence for conduct related to the offense in this action (Id.).

(Doc. 803).

  The nature and circumstances of Tubbs' offenses and his history and characteristics have not changed.  Thus, there would be no basis for the Court to deviate from its prior decision that in this circumstance, early release would not meet the need for the sentence imposed to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense", or to adequately deter criminal conduct and "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1) and (a)(2)(A), (B), & (C).  Again, Tubbs' motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) would be DENIED.

  **DONE** and **ORDERED** this 17th day of May 2021.

            <u>s / Kristi K. DuBose</u>
            **KRISTI K. DuBOSE**
            **CHIEF UNITED STATES DISTRICT JUDGE**